UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81298-CIV-RYSKAMP/VITUNAC

MARKETING INNOVATIONS ENTERPRISES,
INC., a Florida corporation,

    Plaintiff,

v.

CORNERSTONE GROUP DEVELOPMENT
CORPORATION, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT

THIS CAUSE comes before the Court pursuant to Defendants' Motion for a More Definite Statement, filed February 1, 2010 **[DE 42]**. Plaintiff responded on March 5, 2010 **[DE 47]**. Defendants replied on March 12, 2010 **[DE 48]**. This motion is ripe for adjudication.

Plaintiff claims to own four separate copyrights. Plaintiff alleges that all Defendants infringed these copyrights. Plaintiff filed its original Complaint on September 8, 2009 against four Defendants, Cornerstone Group Development Corporation, Cornerstone Group Development, LLC, Leon J. Wolfe and Jorge Lopez, alleging in a single count that each of those Defendants had infringed its copyrights, had been unjustly enriched and owed in excess of $100,000.00 on open account.

On December 4, 2009, Plaintiff amended its Complaint to add San Remo Associates, Ltd., Marsh Harbor Associates, Ltd., Boynton Village, LLC and Randolph/Cornerstone Joint Venture, LLC as Defendants.

The Amended Complaint alleges that Lopez and Wolfe hired Plaintiff to prepare and

print brochures for each of the aforesaid communities and to prepare and print marketing and sales materials for Cornerstone Group's sales activities.  Cornerstone Group allegedly failed to pay Plaintiff for the materials and nevertheless continued to use the materials.  When the materials ran out, Cornerstone Group allegedly began making counterfeit and/or derivative copies of at least one of the brochures.

In Count II of the Amended Complaint, Plaintiff alleges that it entered into four contracts with Defendants.  Defendants request that Plaintiff attach to its Amended Complaint all contracts upon which it bases its breach of contract claim.  Defendants also request that Plaintiff make separate allegations alleging breach of each contract, as well as the amount of damages that Plaintiff claims to have suffered as a result of each alleged breach.  Finally, Defendants claim the amount sought is the same for Counts II through V and ask specific quantification of the damages amounts claimed.

In general, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Rule 12(e) of the Fed.R.Civ.P. allows a party to move for a more definite statement if a pleading is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading…" Motions for more definite statements are disfavored under the liberal notice pleading approach in the Federal Rules of Civil Procedure; rather, discovery is the correct vehicle to obtain information necessary for trial. *See Erickson v. Hunter*, 932 F.Supp. 1380, 1384 (M.D. Fla. 1996).  "Pleadings provide notice, whereas discovery procedures provide the intricacies of the issues and evidence for trial." *BB Technology Co., Ltd. v. Jaf, LLC*, 242 F.R.D. 632, 640 (S.D. 2007)(quotation omitted).  Specifically, "when alleging a breach of contract, a plaintiff is not

required to attach the subject contract to the complaint in order to state a claim." *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633-CIV, 2008 WL 660100 at *2 (S.D. Fla. Mar. 7, 2008)(citation omitted).

The instant motion is essentially a discovery request. Defendants have common or crossed ownership, common or crossed management and were under the control and direction of Defendants Lopez and Wolfe who presented the business operation as a single business called "Cornerstone Group" (¶¶ 24 to 27 of the Amended Complaint). Since it is alleged that the Defendants constitute one enterprise, the sum owed is consistent for all Defendants.

Notwithstanding that a Rule 12(e) motion is not for purposes of discovery, Plaintiff has attached hereto a Supplemented Exhibit "B" to the Amended Complaint, including all four referenced documents. The Court deems these documents filed as of the date of this Order. It is hereby

ORDERED AND ADJUDGED that the Motion for a More Definite Statement, filed February 1, 2010 **[DE 42]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 31st day of March, 2010.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE